UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOW MOTION GROUP, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANDROID JONES, LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-04711-JCS<br><br>**ORDER REGARDING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 2 |

Plaintiffs move under Civil Local Rules 7-11 and 79-5 to file portions of their Complaint and documents attached thereto under seal. Plaintiffs contend that the material at issue "must" be filed under seal because its disclosure "could subject [Plaintiffs] to claims for breach of contract." Tyan Decl. (dkt. 2-1) ¶¶ 3−4; *see generally* Admin. Mot. (dkt. 2). Plaintiffs do not address whether the information itself could cause harm to any party if disclosed, nor do they cite authority for their position that contractual nondisclosure commitments alone support filing portions of a complaint under seal.

Courts have long recognized a strong presumption of public access to court records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing, *e.g.*, *Nixon v. warner Commc'ns, Inc.*, 435 U.S. 589, 597−98 & n.7 (1978)). A party seeking to overcome that presumption generally must demonstrate "'compelling reasons'" to file documents under seal rather than in the public record. *Id.* at 1178−79 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To authorize sealing based only on a private agreement among the parties to maintain confidentiality would permit an end run around the public's right of access. Plaintiffs cite no reason for sealing other than contractual obligations, and no compelling basis for sealing is obvious from the face of the material at issue.

The Court recognizes that the competing obligations of public access and private

confidentiality agreements place Plaintiffs in a difficult position. Civil Local Rule 79-5(e), which governs the filing of documents designated as confidential by another party under a protective order, provides a mechanism to balance those interests. The Court finds that procedure appropriate for the material at issue here, although additional time is warranted at this early stage of the case. Accordingly, Plaintiffs are instructed to serve their administrative motion, this Order, and the materials at issue on any person or entity that Plaintiffs believe can claim a confidentiality interest in those materials **no later than August 30, 2016**. Any such party, including Plaintiffs, may file a declaration **no later than September 6, 2016** setting forth specific compelling reasons why specific sensitive portions of the material should remain under seal. Such requests must be narrowly tailored. *See* Civ. L.R. 79-5(b); *see also In re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 3:12-cv-06003-CRB, ECF Doc. No. 411 (N.D. Cal. July 28, 2015). If no party files a responsive declaration setting forth compelling reasons for sealing, the Court will deny Plaintiffs' administrative motion and order the Complaint and its attachments filed in the public record.

**IT IS SO ORDERED.**

Dated: August 23, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge